UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **03-80752**

KATHRYN E. BOYCE CAMARA,

    Plaintiff,

v.

BRINKER INTERNATIONAL d/b/a
CHILI'S BAR & GRILL,

    Defendant.

MAGISTRATE JUDGE
**LYNCH**

_____/

## COMPLAINT

Plaintiff, KATHRYN E. BOYCE CAMARA, hereby sues the Defendant, BRINKER INTERNATIONAL d/b/a CHILI'S BAR & GRILL, and as grounds alleges:

### PARTIES

1. Plaintiff, KATHRY E. BOYCE CAMARA, is a female individual. Plaintiff resides in Orange County, Florida. At all times pertinent, Plaintiff was an "employee" as defined by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991 and as defined by the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01 et. seq.

2. Defendant, BRINKER INTERNATIONAL d/b/a CHILI"S BAR & GRILL, is a corporation doing business in Palm Beach County, Florida. Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42



U.S.C. §2000e, as amended by the Civil Rights Act of 1991 and as defined by the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01 et. seq.

## JURISDICTION

3.  Jurisdiction is based upon the provisions of Title 28 U.S.C. §§1331 and 1343 in that the cause arises under the provisions of federal legislation providing for the protection of civil rights. The Court has supplemental jurisdiction over the claims brought under the Florida Civil Rights Act of 1992. Venue is proper in the Southern District of Florida since the Defendant does business in Palm Beach County, Florida and the cause of action arose there.

## CONDITIONS PRECEDENT

4.  On January 3, 2003, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A copy of said charge is attached hereto.

5.  The Title VII charge is timely in that the acts complained of occurred within 300 days of the time of the filing of the charge. A Right to Sue Notice from the E.E.O.C. was issued on May 21, 2003 and received thereafter. A copy of the Right to Sue Notice is attached hereto.

6.  The Florida Civil Rights Act claims are timely in that it has been more than 180 days since the charge of discrimination was filed with the Florida Commission on Human Relations, and the FCHR referred the charge to the EEOC.

## GENERAL ALLEGATIONS

7.  Plaintiff is female, and she was employed by Defendant as a Manager from May 2001 to December 21, 2002.

2

8. Plaintiff first began her employment with Defendant at its West Boca Raton restaurant, and in the winter of 2001, Plaintiff transferred to the Boynton Beach restaurant.

9. From the beginning of her employment, Plaintiff was subjected to sexual harassment and gender bias by managerial personnel, including Brian Marks, who repeatedly made sexual comments and innuendos towards Plaintiff, thus forcing her to work in a sexually hostile environment.

10. Plaintiff complained to Jeff Woods, her supervisor, about the harassment but nothing was done. Jeff Woods graduated from training shortly thereafter and left the store.

11. In or around November 2001, Plaintiff attended a diversity training conference in Tampa, Florida with other managers.

12. On a particular evening at the training, Plaintiff and a friend were subjected to sexually offensive comments and sexual advances by the men in the group, who had returned from an outing at a strip club, including Brian Marks telling Plaintiff that she was "going to get laid tonight". Plaintiff was also subjected to sexual comments regarding her sexual orientation.

13. Shortly after this incident, the Regional Manager, Dan Farris, approached Plaintiff and questioned her about the incident. Plaintiff recounted to him the events of the evening.

14. Karen Fazio, the Training Coordinator at the Tampa conference, had apparently reported the incident to Farris, but following Farris' discussion with Plaintiff, nothing was ever done to remedy the situation.

15. Shortly after this time period, Plaintiff was transferred to the Boynton Beach restaurant, a higher producing restaurant.

16. At that restaurant, Plaintiff continued to perform her job duties well, and Plaintiff was even sent to temporarily assist a top Chili's Restaurant in Miami.

17. At the Boynton Beach restaurant, Plaintiff reported to Tom, the General Manager. In December 2002, Plaintiff met with a friend at the restaurant and a cook asked Plaintiff if the friend was Plaintiff's girlfriend. Plaintiff replied "no" and another employee yelled out that "everyone knows you are a lesbian".

18. A couple of nights later, Plaintiff, as a Manager, needed to discuss a work-related problem with a server, Heather, and when Plaintiff began to discuss the problem with Heather, Heather told her that "everyone knows you are a lesbian and no one likes you because of it".

19. Plaintiff immediately complained to Tom, the General Manager, about the above-referenced comments. Tom conducted a meeting with Plaintiff and Heather.

20. Two days later, Plaintiff was terminated for alleged poor employee relation skills. Male managers who have received poor employee relation critiques were not terminated for that reason.

21. On January 3, 2003, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

22. Plaintiff has retained the undersigned law firm to represent her in this action and is obligated to pay it a reasonable fee for its services.

## COUNT I-TITLE VII (SEXUAL HARASSMENT AND GENDER DISCRIMINATION)

Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

23. Plaintiff was subjected to a sexually hostile environment that was sufficiently severe and pervasive to affect the terms, conditions or privileges of Plaintiff's employment.

24. The sexually hostile environment to which Plaintiff was subjected was based upon her sex (female).

25. Plaintiff, because of her sex, was also treated differently than male employees in matters directly affecting the terms and conditions of her work and in the on-going sexually hostile treatment she experienced on account of her sex.

26. Plaintiff was subjected to a hostile environment where submission to sexually degrading comments and behavior was a prerequisite to continued employment.

27. Defendant failed to implement policies and procedures against sexual harassment and bias based on gender, or failed to follow such policies and procedures if implemented. As a proximate result, Plaintiff was subjected to degrading and offensive instances of sexual harassment and disparate treatment based on her gender, including termination.

28. The Defendant's misconduct described above was willful and wanton as the Defendant is a sophisticated employer aware of the requirements of Title VII but engaged in harassing conduct and disparate treatment toward Plaintiff notwithstanding.

29. The conduct of the Defendant, by and through the conduct of its agents, deprived the Plaintiff of her rights under Title VII.

30. As a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, by and through the actions and inactions of its managerial personnel, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE Plaintiff prays for the following relief

a) Entry of a judgment for restitutionary, compensatory and punitive damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life.

b) Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by Title VII; and

c) Any other equitable relief deemed appropriate by this Court.

## COUNT II-FLORIDA CIVIL RIGHTS ACT (SEXUAL HARASSMENT AND GENDER DISCRIMINATION)

31. Plaintiff readopts and realleges paragraphs 1 through 22 above as if fully set forth herein.

32. Plaintiff was subjected to a sexually hostile environment that was sufficiently severe and pervasive to affect the terms, conditions or privileges of Plaintiff's employment.

33. The sexually hostile environment to which Plaintiff was subjected was based upon her sex (female).

34. Plaintiff, because of her sex, was also treated differently than male employees in matters directly affecting the terms and conditions of her work and in the on-going sexually hostile treatment she experienced on account of her sex.

35. Plaintiff was subjected to a hostile environment where submission to sexually degrading comments and behavior was a prerequisite to continued employment.

36. Defendant failed to implement policies and procedures against sexual harassment and bias based on gender, or failed to follow such policies and procedures if implemented. As a proximate result, Plaintiff was subjected to degrading and offensive instances of sexual harassment and disparate treatment based on her gender, including termination.

37. The Defendant's misconduct described above was willful and wanton as the Defendant is a sophisticated employer aware of the requirements of the Florida Civil Rights Act but engaged in harassing conduct and disparate treatment toward Plaintiff notwithstanding.

38. The conduct of the Defendant, by and through the conduct of its agents, deprived the Plaintiff of her rights under the Florida Civil Rights Act.

39. As a direct, natural, foreseeable and proximate result of the actions and inactions of Defendant, by and through the actions and inactions of its managerial personnel, Plaintiff has suffered injuries and losses including a violation of her statutory rights, mental pain and suffering and extreme emotional stress; loss of ability to lead a normal life, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE Plaintiff prays for the following relief

a) Entry of a judgment for restitutionary, compensatory and punitive

damages including, but not limited to, damages for mental pain and suffering, anguish, injury of reputation and loss of capacity to enjoy life.

      b)    Award Plaintiff costs in this action, including reasonable attorneys' fees and expert fees as provided by the FCRA; and

      c)    Any other equitable relief deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

> CORNELL & ASSOCIATES, P.A.
> Attorneys for the Plaintiff
> 1401 East Broward Blvd.
> Suite 204
> Ft. Lauderdale, FL 33301
> Telephone: (954)524-2703
> Facsimile: (954)524-2706
>
> BY: _____
> G. WARE CORNELL, JR.
> Florida Bar No. 203920
> ARIANNE BOMBALIER SUAREZ
> Florida Bar No. 143529

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | and EEOC |

## FLORIDA COMMISSION ON HUMAN RELATIONS

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Miss Kathryn L. Boyce Camara SS # 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 | 954-309-2708 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 680 Buford Avenue, | Orange City, Florida 32763 | 8/20/65 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Brinker International/ Chili's Grill and Bar | 1000+ | 561-735-0429 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2202 N. Congress Avenue, | Boynton Beach, Florida 33426 | Palm Beach |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☒ OTHER (Specify)
Other: Sexual orientation

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
11/2001-present

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

## STATEMENT OF PERSONAL HARM

I am female. I have been employed as a Manager at Chili's Bar and Grill since May of 2001. I have been subjected to different terms and conditions of employment by the Respondent due to my gender and sexual orientation. I was terminated on December 21, 2002.

## ADVERSE EMPLOYMENT ACTION:

I believe that I have been discriminated against because of my gender, female and sexual orientation in violation Title VII of the Civil Rights Act of 1991 and the Florida Civil Rights Act of 1992.

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY (When necessary to meet State and Local Requirements)

[Notary stamp: SANDRA R. DEWAR, EXPIRES OCT 31 2005, BONDED THROUGH ADVANTAGE NOTARY]

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct

Date 1/3/03      Charging Party (Signature)

SIGNATURE OF COMPLAINANT
Kathryn L Boyce Camara
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
Sandra R. Dewar

EEOC FORM 5 (10/94)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(ISSUED ON REQUEST)*

| To: | From: |
|---|---|
| Kathryn L. Boyce<br>680 Buford Ave.<br>Orange City, FL 32763<br><br>[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))* | Miami District Office<br>Equal Employment Opportunity<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 150 2003 01875 | Dennis Kendrick | 305-530-6043 |

*(See the additional information attached to this form.)*

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

MAY 21 2003

(Date Mailed)

Federico Costales, District Director

Enclosures
  Information Sheet
  Copy of Charge

cc: Brinker International/Chili's Grill & Bar     G. Ware Cornell, Jr., Attorney
    Legal Department                               1401 E. Broward Blvd. Suite 204
    6820 LBJ Freeway                               Ft. Lauderdale, FL 33301
    Dallas, TX 75240

# CIVIL COVER SHEET

03-80752

CIV - HURLEY

MAGISTRATE JUDGE LYNCH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KATHRYN BOYCE CAMARA

## DEFENDANTS
BRINKER INTERNATIONAL d/b/a CHILI's BAR & GRILL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

03-80752-HURLEY/LYNCH

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Cornell & Associates, P.A., 1401 E. Broward Blvd., #204, Ft. Laud, FL 33301
(954) 524-2703

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS - Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff alleges sexual harassment, gender bias and hostile environment. Title 28 U.S.C. Sec. 1331 and 1343-providing for protection of civil rights

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 8/11/03   8/12/03

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # 528817   AMOUNT 150.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____