# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

February 22, 2006

FILED by ___ D.C.
RECORDS

FEB 28 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Clarence Maddox
Clerk, U.S. District Court
301 N MIAMI AVE STE 150
MIAMI FL 33128-7788

**Appeal Number: 05-11226-FF**
Case Style: Kathryn E. Boyce Camara v. Brinker Int'l.
District Court Number: 03-80752 CV-DTKH

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:    *(3 vol's of pl'dgs) 1 Folder*
    Original Exhibits, consisting of: one folder
    Original record on appeal or review, consisting of: three volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

# United States Court of Appeals
For the Eleventh Circuit

No. 05-11226

District Court Docket No.
03-80752-CV-DTKH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jan 9, 2006
THOMAS K. KAHN
CLERK

KATHRYN E. BOYCE CAMARA,

       Plaintiff-Appellant,

versus

BRINKER INTERNATIONAL,
d.b.a. Chili's Bar & Grill,

       Defendant-Appellee.

------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------------------

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
FEB 2 2 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered: January 9, 2006
For the Court: Thomas K. Kahn, Clerk
By: Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-11226
Non-Argument Calendar

D. C. Docket No. 03-80752-CV-DTKH

KATHRYN E. BOYCE CAMARA,

Plaintiff-Appellant,

versus

BRINKER INTERNATIONAL,
d.b.a. Chili's Bar & Grill,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(January 9, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Kathryn E. Boyce Camara appeals the district court's order granting summary judgment to Chili's Bar & Grill in her employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. Camara argues that the district court erred in (1) denying her motion to compel discovery of employment evaluations of certain male managers and (2) determining that she failed to establish a prima facie case of gender discrimination.

## I. Background

Camara worked as a manager for Brinker International ("Brinker"), first at the company's West Boca Chili's Restaurant and, later, at its Boynton Beach location. Throughout Camara's employment in West Boca, the restaurant's general manager received many complaints about her from other employees and counseled her several times regarding employee relations. The general manager noted that Camara could be harsh and abrupt and that she could overreact under stress. In his evaluations of Camara, he rated her employee relations skills as below expectations.

During her first few weeks at the West Boca restaurant, Camara worked with Brian Marks, another manager. After she complained that Marks had engaged in inappropriate sexual behavior with female employees, Marks was transferred to another restaurant.

2

On one occasion, Camara and other managers attended a conference in Tampa. One evening, a group of managers who had been drinking engaged in banter of a sexual nature with Camara and her roommate. Marks later joined the group. When a general manager told the group to go to bed and the women began to leave, Marks picked up the roommate and carried her over his shoulder until Camara told him to put her down. Marks subsequently was terminated.

Camara was transferred to the Boynton Beach restaurant in response to complaints from other employees at the West Boca restaurant. At Boynton Beach, Camara reported to Tom Livoti, who was aware of past concerns regarding her job performance. Livoti received similar complaints about Camara's harsh treatment of other employees and her abrupt manner. Camara received counseling and warnings. Camara complained that Livoti was unduly critical of her, occasionally swore at her, and gave her less guidance than other managers received. She also complained that Livoti did not make her a kitchen manager.

In Livoti's evaluation of Camara's job performance, he noted that she was below expectations in team development and professionalism. He again warned her to improve and denied her a raise due to employee relations concerns. Camara believed that Livoti disapproved of women in the workplace because he allegedly once stated that a woman's place is in the home.

Almost immediately following this review, Camara became involved in a loud altercation with a waitress, Heather Cannon. A few days later, Brinker received an e-mail allegedly from a customer complaining that Camara had insulted a waitress in front of him and other guests and that she had then asked him if he knew anyone looking for a job. Camara first denied that the incident had occurred and accused Cannon of fabricating the complaint to exact revenge. She later admitted that she had made the comments to a guest hoping to lighten the mood. Two days after Brinker had received the e-mail, Camara was terminated. Stephen Scott, the area director, and Mark Gray, the new general manager, made the decision, though Livoti was present for the meeting with Camara.

## II. Standard of Review

We review a district court's grant of summary judgment de novo, Patrick v. Floyd Medical Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000), construing all facts and drawing all reasonable inferences in the light most favorable to the non-moving party. HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c).

## III. Discussion

A. Motion to Compel Discovery

Camara first argues that the district court erred by denying her motion to compel discovery of the personnel files of three other managers, Greg Barocas, Bob Greene and Chris Villard. Although she deposed Barocas and Green, neither could attest to the contents of their files. She argues that these managers had been criticized for poor employee relations skills and yet had not been terminated. Accordingly, she contends that the discovery sought was relevant to establish proper comparators.

This Court reviews a district court's denial of a discovery request for abuse of discretion. Hinson v. Clinch County, Ga. Bd. of Ed., 231 F.3d 821, 826 (11th Cir. 2000). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001). "Where a significant amount of discovery has been obtained, and it appears that further discovery would not be helpful in resolving the issues, a request for further discovery is properly denied." Avirgan v. Hull, 932 F.2d 1572, 1580 (11th Cir.

5

1991).

Here, Camara had already deposed Barocas and Green and had declined to depose Villard. Nevertheless, she was unable to elicit any evidence supporting her theory that Barocas, Green and Villard were comparators in that they had been similarly reprimanded but not terminated. Barocas stated in his deposition that he could not remember any complaint filed against him, and he denied that he had received any discipline or counseling. Likewise, Greene stated that he had not received any complaints or counseling. While Greene acknowledged having received negative evaluations, he stated that he had been able to improve on those areas identified in his evaluations. Accordingly, the district court did not abuse its discretion in denying Camara's discovery request.

Moreover, even if the requested files would have been helpful to Camara in establishing her prima facie case, they would not have rebutted the legitimate, nondiscriminatory reason for her termination proffered by Brinker.

B. Prima Facie Case

Camara next argues that the district court erred in determining that she was not treated differently than Marks based on gender merely because Marks was ultimately discharged. Camara argues that although Marks's behavior was worse than hers, he was not terminated as quickly as she was. She also asserts that (1)

she was not given as much guidance as male managers; (2) Livoti yelled at her, was abrupt with her and stated on one occasion that a woman's place is in the home; (3) she was not assigned to the kitchen; and (4) she was denied a raise. Camara argues that each of the above constitutes an adverse employment action because each made her job undesirable.

Title VII makes it illegal for an employer "'to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Bass v. Bd. of County Comm'rs, Orange County, Fla., 256 F.3d 1095, 1103 (11th Cir. 2001) (quoting 42 U.S.C. § 2000e-2(a)). Where a plaintiff seeks to establish a prima facie case of discrimination based on circumstantial evidence, she must show: "(1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees who are not members of her protected class more favorably, and (4) she was qualified for the job or benefit at issue." Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 842-43 (11th Cir. 2000). "[I]n cases involving alleged . . . bias in the application of discipline for violation of work rules, the plaintiff . . . must show either (a) that he did not violate the work rule, or (b) that he engaged in misconduct

7

similar to that of a person outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar misconduct." Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir. 1998).

"Demonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). Once the plaintiff establishes a prima facie case of discrimination, the defendant has the burden of articulating a legitimate, nondiscriminatory reason for the employment decision. Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Here, contrary to the district court's determination, Camara established that she was the subject of two adverse employment actions – the denial of a raise and her termination. See Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000) ("An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'"). She failed to establish, however, that similarly situated male managers were treated less severely. Despite Camara's

8

claims, Marks is not an appropriate comparator. Whereas Marks had made inappropriate comments to female employees, arrived at work inebriated, and fraternized with subordinates, certainly egregious conduct, Camara's problems were in a different category, the area of employee relations. She had been harsh with staff, received numerous complaints from staff members, and criticized staff in front of guests. Accordingly, Marks and Camara were not similarly situated in all relevant respects, and the district court correctly held that Camara failed to establish her prima facie case.

In any event, even if Camara had established her prima facie case of gender discrimination, we would nevertheless affirm the district court because Camara failed to rebut the legitimate, nondiscriminatory reasons offered by Brinker for its decisions to deny her a raise and ultimately terminate her employment.[1] Brinker proffered as its legitimate, nondiscriminatory reasons the following: that Camara had difficulty with interpersonal relations; that she had been warned and counseled regarding these problems yet showed no improvement; and that her conduct had escalated to the level where a restaurant guest complained about her. Camara offered no evidence that Brinker's proffered reasons were pretextual. Although

---

[1] This Court may affirm the district court on grounds that differ from those that form the basis of the district court's decision. Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235 (11th Cir. 2004).

9

she contends that the guest complaint was fabricated by another employee, she introduced no evidence that Brinker knew it was a hoax. Moreover, Camara's Termination Form indicated that the complaint merely confirmed the persistence of her long-standing difficulties with employee relations. Accordingly, Camara failed to rebut Brinker's proffered legitimate, nondiscriminatory reasons for its employment decisions.

For the foregoing reasons, we **affirm**.

A True Copy - Attested
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia